**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4060**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JERONZA THORNE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:13-cr-00293-MOC-1)

Submitted:  September 29, 2016        Decided:  October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra Barrett, Asheville, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeronza Thorne was convicted by a jury of various offenses arising out of his participation in a stash house robbery conspiracy. The district court sentenced him to 137 months' imprisonment, a term at the bottom of the applicable Sentencing Guidelines range. Thorne now appeals, arguing that the district court erred in denying his motion to dismiss the indictment, which claimed outrageous Government conduct. Further, Thorne alleges that the Government's conduct amounted to sentencing manipulation and thus merited a downward departure at sentencing.

In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005). We review a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).

The Supreme Court has recognized that, in an extreme case, governmental misconduct may be so outrageous that it requires dismissal of charges against a defendant under the Due Process Clause of the Fifth Amendment. United States v. Russell, 411 U.S. 423, 432 (1973). "In order to constitute a due process violation, the government's conduct must be so outrageous as to

2

shock the conscience of the court" or be "offensive to traditional notions of fundamental fairness." United States v. Osborne, 935 F.2d 32, 36, 37 (4th Cir. 1991) (internal quotation marks omitted). "Outrageous is not a label properly applied to conduct because it is a sting or reverse sting operation involving contraband." United States v. Goodwin, 854 F.2d 33, 37 (4th Cir. 1988).

We have rejected arguments of outrageous Government conduct in other stash house robbery sting operations. United States v. Hare, 820 F.3d 93, 102-04 (4th Cir. 2016), petition for cert. filed, __ U.S.L.W. __ (U.S. July 18, 2016) (No. 16-5348). Thorne attempts to distinguish his case from Hare, asserting that the Government acted outrageously in his case by failing to seek his detention for charged supervised release violations, which would have prevented him from being able to continue in the conspiracy. We agree with the district court that the Government's conduct in this case is not offensive to societal principles of fairness. Osborne, 935 F.2d at 37. Because Thorne's sentencing argument turns on his unsuccessful allegation of outrageous Government conduct, we also reject that claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED